United States District Court     Southern District of Texas

| | | |
|---|---|---|
| Houston Community College System, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-18-2730 |
| | § | |
| The City of Houston, et al., | § | |
| | § | |
| Defendants. | § | |

## Opinion on Summary Judgment

1. *Introduction.*

The Houston Community College System sued the City of Houston for violating the Constitution of the United States. The City required HCC to pay impact fees before it would certify its construction projects for occupancy or connect utilities. Public school districts are excused from paying these fees. Because the City's condition is a taking in violation of the Fifth Amendment of the United States Constitution, it will lose.

2. *Background.*

HCC is a public junior-college district with campuses in Houston, Missouri City, and Stafford. Its board of trustees ordered a bond election for the construction and renovation of its buildings. The voters approved $425 million in bonds.

The City declined to issue occupancy certificates or allow utility connections to HCC's construction until it paid impact fees to the City. Some campuses were given temporary permits but denied permanent ones until HCC paid the water and wastewater impact fees on the construction projects.

Impact fees are regularly imposed on construction in the City. HCC did not pay the fees because school districts are exempt from them. The City assigned an officer to decide whether a junior college is a school district. He said HCC is a school district and, thus, is exempt from the fee. The City rejected his conclusions and refused to issue the permits.

3. *School District.*

Municipalities like the City of Houston may charge impact fees to new developments within its boundaries.[1] Municipalities are limited by the Texas Local Government Code; it exempts public-school districts from these fees.

Public junior-college districts are treated as school districts, excusing HCC from the fees. The City argues that HCC is not a school district, requiring it to pay the fees.

The Texas Constitution, Education Code, and Local Government Code treat junior-college districts as school districts.[2] In 2013, Texas's Attorney General concluded in an opinion that junior-college districts are school districts.[3]

The City, arguing that junior colleges should not be treated as school districts, cites the Texas Insurance Code, Civil Practices and Remedies Code, Tax Code, and Water Code. These codes merely list both school districts and junior college districts together. In each instance that both are listed, they are treated identically. Listing both does not necessarily imply that they are separate entities, but is a precise and inclusive way of writing a law that applies to both.

---

[1] *See* TEX. LOC. GOV'T CODE § 395.022(b) (West 2015).

[2] *See* TEX. CONST. art. VII, § 3; TEX. EDUC. CODE § 130.122(f) (West 2002); TEX. LOC. GOV'T CODE ANN. § 271.003(9) (West 2011).

[3] Texas Attorney General Opinion No. GA-0984 (January 29, 2013).

The Texas Constitution is the most potent authority in defining a school district, followed by the Education Code and Local Government Code. These sources treat junior colleges like they do school districts. HCC, a junior college, will be treated as a school district.

4. *Impact Fees and the Taking.*

HCC need not pay water and wastewater impact fees to the City because it is a school district.

The Fifth Amendment says property cannot be taken for public use without just compensation.[4] Land-use permits must be related and proportional to the burdens that the government imposes – if they are not, the burden on the land is a taking.[5] The government cannot condition a land-use permit on a payment it is not owed. By withholding its occupancy certificates and utilities to force an unlawful payment, the City has taken HCC's property for the time that they were withheld.

HCC cannot use its property as a school without permits. Without certificates of occupancy or utility connections, the buildings cannot be used for learning or hosting students.

Although the City issued the permits and services after HCC sued, allowing this problem to go unchecked might result in other lawsuits and further injustice if the City continues to withhold funds from other exempt school districts.[6] The City's actions are a taking under the Fifth Amendment of the Constitution.

---

[4] U.S. CONST., amend. V.; TEX. CONST. Art. 1, §17.

[5] *Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595, 605-06 (2013).

[6] *Friends of the Earth, Inc. v. Laidlaw Envtl. Services, Inc.*, 528 U.S. 167, 189-193 (2000).

5.  *Conclusion.*

Because HCC is a school district, it is exempt from paying the City's impact fees. By wrongly withholding necessary permits and services, the City violated the Fifth Amendment of the Constitution. The City will be enjoined from conditioning the issuance of permits, certificates of occupancy, and utilities to a school district for failing to pay impact fees. HCC will recover its attorneys' fees and costs.

Signed on January 7, 2020, at Houston, Texas.

Lynn N. Hughes
United States District Judge